---

## FILLMORE *v.* RUSSELL.

*(Supreme Court of Colorado, April Term, 1882—Error to District Court of Arapahoe County.)*

1. INFANT APPEARANCE. Under the provisions of the Code of Civil Procedure, where an infant defendant is fourteen years of age, personal service upon him alone is sufficient. Where such minor appears in the action by next friend, it is not necessary to appoint a guardian *ad litem.* ·

STONE, J. The defendant in error, Russell, was plaintiff in the suit below. The first count in the complaint alleges an indebtedness for necessaries, upon an account stated between plaintiff and defendant, by and through the guardian of the defendant Fillmore, and avers that one Patterson is the legal guardian of said defendant.

The second count charges the indebtedness for tuition, books, boarding, etc., at defendant's request, and at the request of his legal guardian.

The third count is for goods sold and delivered, and for money paid for use of defendant, at his request, and that of such guardian.

Summons was served upon the defendant personally, but not upon the guardian.

The defendant appeared by J. F. Welborn, his attorney, and demurred to the complaint upon the grounds, first, that it does not state the place where the contract sued on was made; second, that it shows that defendant is a minor with a legal guardian, and does not show that the contract was made, and the alleged necessaries furnished by order and direction of the Probate Court.

The record recites that afterwards the parties appeared, the plaintiff by S. E. Browne, his attorney, and the defendant "by J. F. Welborn, his next friend and attorney," and the demurrer coming on to be heard, was overruled.

Thereupon, afterwards, no plea or answer having been filed by defendant, a default was taken, and judgment entered for plaintiff.

Afterwards Welborn appears as attorney for defendant, and moves to vacate the judgment for the reason that he, said attorney, "was absent from the State, or was not notified of the overruling of the demurrer," that the defendant "is a minor, under the age of twenty-one years," that no guardian was appointed by the Court, and that defendant has a good defense to the action. The Court thereupon ordered that affidavits for and against the motion be filed by the respective parties, if they desire, and upon a hearing of the motion, the same was denied.   No exceptions appear to have been taken, but the assignments are predicated upon alleged errors appearing by the record proper.

The questions raised by these assignments are—was there proper service, no service being made upon the guardian of the infant defendant; and was there sufficient appearance, no guardian *ad litem* being appointed, but the record reciting that defendant appeared by his next friend, as well as by attorney.

Section 8 of the Code declares that "when an infant is a party, he shall appear by next friend of his own selection, or by guardian," and section 9 provides that the guardian shall be appointed "upon the application of the infant, if he be of the age of fourteen years, and" (where defendant), "apply within ten days after the service of the summons," and "if under fourteen, or neglects so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant."

Respecting service upon parties defendant, section 37 further provides that "if the suit be against a minor under the age of fourteen years, service shall be made by delivering a copy of the writ to such minor, personally, and also to his or her father, mother, or guardian."   *   *   *

In the motion to vacate the judgment, which is sworn to, the defendant is averred to be a minor, "under the age of twenty-one years."   Upon this we must presume he was fourteen, in the absence of anything in the record to show that he was of a less age.   He therefore had a right to choose his own guardian, and service is only to be made upon him alone. (Sec. 37 Code; *Gray v. Palmer*, 9 Cal., 638.)   This disposes of the question of service when the infant is fourteen years of age.

As to the question of appearance, we have seen, by reference to section 9 of the Code, that where necessary to appoint a guardian to appear and defend, the minor, if fourteen, must make his

selection, and apply for such appointment within ten days after service; or, if he neglects to so apply, the Court may appoint upon the application of another. In this case he neglected to apply; no one else applied on his behalf, and it would seem that the Court is authorized to appoint only upon such application, where the minor is fourteen years old.

But under section 8 of the Code, such defendant may also appear by *prochein ami*, and the record recites that he did so appear.

The authorities cited by counsel for plaintiff in error in support of the doctrine that a judgment against an infant, without appointing a guardian *ad litem*, is erroneous and voidable, lay down the general rule which applies either in the absence of governing statutes, or under statutes differing from our own.

In respect to proceedings by or against infants, we are to be governed by our statutory provisions, so far as they prescribe rules of procedure.

Since full opportunity was given the defendant to show why the judgment upon default should be set aside, if irregularly entered, it must be presumed that the Court below afforded ample protection to the rights of the defendant under the law.

For these reasons we conclude that the service was proper, and the appearance sufficient, and perceiving no error in the record, the judgment is accordingly affirmed.     *Judgment affirmed.*

*J. F. Welborn* and *France & Rogers*, for plaintiff in error.

*Browne & Putnam*, for defendant in error.